O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD WILLARD,<br><br>        Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>        Respondent. | Case No. CV 14-9342-KES<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff Todd Willard ("Plaintiff") appeals from the final decision of the Administrative Law Judge ("ALJ") denying his application for Social Security Supplemental Security Income ("SSI"). Because the ALJ erred in failing to incorporate into Plaintiff's residual functional capacity ("RFC") medical-opinion evidence the ALJ had explicitly accepted, the Commissioner's decision is reversed and the matter is remanded for further proceedings consistent with this opinion.

///

///

///

# I.
# BACKGROUND

On June 6, 2011, Plaintiff filed an application for SSI, alleging disability beginning July 9, 2009, because of social anxiety, agoraphobia, depression, memory loss, and paranoia. Administrative Record ("AR") 110-15, 124. After Plaintiff's application was denied, he requested a hearing before an ALJ. AR 78. On April 24, 2013, a hearing was held, at which Plaintiff, who was represented by counsel, appeared and testified, as did a vocational expert. AR 32-45. On May 15, 2013, the ALJ issued an unfavorable decision. AR 11-21. The Appeals Council denied further review. AR 1-4. This action followed.

# II.
# ISSUES PRESENTED

The parties dispute whether the ALJ erred in:

(1) assessing the opinion of treating psychiatrist Robert Hoffman;

(2) assessing the opinions of consulting psychiatrist Hany Ashamalla and state-agency psychologist Randal Garland; and

(3) evaluating Plaintiff's credibility.

See Joint Stipulation ("JS") at 4. Because the ALJ erred in his treatment of the medical opinions of Drs. Ashamalla and Garland, remand is warranted.[1]

///
///
///
///
///

---

[1] Because the Court finds that the ALJ's treatment of these opinions warrants remand, the Court does not reach Plaintiff's other claims of error. Upon remand, the ALJ may wish to consider them.

# III.
# DISCUSSION

## A. The ALJ Erred in Failing to Incorporate the Opinions of Drs. Ashamalla and Garland Into Plaintiff's RFC.

### 1. Relevant Background

In September 2011, Dr. Ashamalla examined Plaintiff on behalf of the agency. AR 243-48. Plaintiff complained of panic attacks and social phobia, reported a psychiatric hospitalization two years earlier, and said that he was being treated by Dr. Hoffman. AR 244. A mental-status examination was largely normal, except for "slightly" limited short-term memory and "restricted" affect. See AR 245-46, 247. Dr. Ashamalla diagnosed bipolar affective disorder, "Current[] depress[ion] with Psychotic features," attention-deficit hyperactivity disorder ("ADHD"), and panic disorder and assessed a Global Assessment Functioning ("GAF") score of 50.[2] AR 246-47. Dr. Ashamalla found that Plaintiff had mild limitations in carrying out detailed and complex instructions; maintaining attendance and safety standards; accepting instructions from supervisors; and performing work activities without additional supervision. AR 277. He had moderate limitations in interacting with coworkers and the public; maintaining concentration, persistence, and pace; and maintaining regular attendance and performance. Id.

In April 2012, Dr. Garland reviewed Plaintiff's records and assessed affective, substance-abuse, and anxiety disorders and ADHD. AR 56-57. Dr. Garland opined that Plaintiff had mild limitation in activities of daily

---

[2] A GAF score of 41 to 50 indicates serious symptoms – such as suicidal ideation, severe obsessional rituals, or frequent shoplifting – or serious impairment in social, occupational, or school functioning. Diagnostic and Statistical Manual of Disorders 34 (Rev. 4th ed. 2000).

living and moderate limitations in social functioning and maintaining concentration, persistence, and pace. AR 58. Specifically, Dr. Garland found that Plaintiff had moderate limitations in maintaining concentration and attention for extended periods; performing activities within a schedule and maintaining regular, punctual attendance; completing a workday and workweek without interruptions from symptoms; performing at a consistent pace without unreasonable rest periods; interacting appropriately with the general public and coworkers; and responding appropriately to changes in the work setting. AR 60-61. Plaintiff had marked limitation in working with or near others without being distracted by them. AR 60.

Dr. Garland opined that Plaintiff "should be able to meet the basic mental demands of competitive, remunerative, unskilled work on a sustained basis, particularly in settings of low social contact." AR 61. Plaintiff had "the abilities to understand, carry out, and remember simple instructions; make judgments commensurate with the functions of unskilled work, i.e., simple, work-related decisions; respond appropriately to supervisions, coworkers and work situations; & deal with changes in a routine work setting." Id.; see also AR 58 (noting that Plaintiff "should be able to meet the basic mental demands of unskilled work in a low social contact"); id. (noting that "prior [RFC] for simple work affirmed").

### 2. Applicable Law

When an ALJ assesses medical-opinion evidence, a treating physician's opinion is generally entitled to more weight than that of an examining physician, which is generally entitled to more weight than that of a non-examining physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995). An ALJ must provide clear and convincing reasons for rejecting the uncontradicted opinion of a treating or examining physician. Id. And the ALJ must give specific and legitimate reasons for rejecting a treating physician's

opinion in favor of a non-treating physician's contradictory opinion or an examining physician's opinion in favor of a nonexamining physician's opinion. Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007); Lester, 81 F.3d at 830-31. The ALJ need not, however, "accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings." Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); see Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001).

### 3. Analysis

The ALJ detailed Dr. Ashamalla's report and noted that "[t]he diagnosis and assessed limitations appear [to be] based on the claimant's presented history because the mental status examination was within normal limits." AR 15. The ALJ did not explicitly address Dr. Garland's findings, other than to note that "[n]o physician assessed multiple marked functional limitations" "except for Dr. Hoffman," Plaintiff's treating physician, whose opinion the ALJ had discounted. AR 16; see AR 60 (Dr. Garland noting marked limitation in Plaintiff's ability to work near or with others without distraction). The ALJ found that Plaintiff had mild restriction in activities of daily living and moderate restrictions in social functioning and maintaining concentration, persistence, and pace. AR 16. The ALJ concluded that Plaintiff had the RFC to perform "simple, routine tasks" requiring only "occasional contact with the public and coworkers." AR 17.

Plaintiff contends that the ALJ erred in failing to indicate what weight he gave to Dr. Ashamalla's opinion and failing to address Dr. Garland's opinion. JS at 9. Although the ALJ failed to indicate the weight given to Dr. Ashamalla's opinion, that error was likely harmless. The ALJ set forth in detail the doctor's findings and conclusions, noted that the reported diagnoses and functional limitations were unsupported by the unremarkable results of

Plaintiff's mental-status examination, and concluded that the limitations were likely attributable to Plaintiff's report of his medical history. AR 16. These were specific, legitimate reasons to discount Dr. Ashamalla's opinion.[3] See Valentine v. Comm'r, Soc. Sec. Admin., 574 F.3d 685, 692-93 (9th Cir. 2009) (noting that contradiction between physician's opinion and his treatment notes constitutes specific and legitimate reason for rejecting his opinion); Fair v. Bowen, 885 F.2d 597, 605 (9th Cir. 1989) (finding ALJ properly disregarded physician's opinion when it was premised on claimant's subjective complaints, which ALJ had already discounted); see also Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (noting that ALJ satisfies burden to set forth specific and legitimate reasons by setting out a detailed summary of evidence and his interpretation of it). The ALJ having indicated what portion of the doctor's opinion he rejected and why, his error in failing to indicate the weight given that opinion was harmless. See Mendenhall v. Colvin, No. 15-5356, 2015 WL 7736658, at *4 (W.D. Wash. Nov. 30, 2015).

With respect to Dr. Garland, the ALJ appears to have adopted his opinion in its entirety in formulating Plaintiff's RFC, eliminating any need to provide reasons for rejecting probative evidence. See AR 17, 58; Embrey v. Bowen, 849 F.2d 418, 422 n.3 (9th Cir. 1988) (noting that ALJ must either accept medical opinion or give specific and legitimate reasons for rejecting it). Moreover, because the ALJ adopted the limitations set forth by Dr. Garland, his failure to indicate the weight given to the doctor's opinion was arguably harmless. See Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1055 (9th Cir. 2006) (error harmless when nonprejudicial to claimant or irrelevant to ultimate disability conclusion); see also Tibbs v. Astrue, No. 07-4267, 2008

---

[3] The validity of the latter basis hinges on the ALJ's credibility analysis, which the Court does not address here. See supra n.1.

WL 2705175, at *7 (C.D. Cal. July 7, 2008) (finding that failure to discuss state-agency doctor's opinion was harmless error when opinion supported ALJ's decision and was consistent with substantial evidence of record).

Plaintiff further contends that even if these errors do not warrant reversal, the ALJ's failure to incorporate into the RFC Plaintiff's moderate limitation in maintaining concentration, persistence, and pace does. JS at 10. Indeed, although the ALJ found, like Drs. Ashamalla and Garland, that Plaintiff suffered a moderate limitation in maintaining concentration, persistence, and pace, the ALJ did not incorporate it into the RFC. See AR 16, 17. The Commissioner argues that a limitation to "simple, routine tasks" adequately accounts for moderate limitation in maintaining concentration, persistence, and pace. JS at 14 (citing Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1174-75 (9th Cir. 2008) (holding that hypothetical restricting claimant to "simple, routine, repetitive work" adequately captured moderate deficiency in maintaining pace)). But the Ninth Circuit has held that when the medical evidence establishes and the ALJ accepts that the claimant has moderate limitation in maintaining concentration, persistence, and pace, that limitation must be reflected in the Plaintiff's RFC and in the hypothetical presented to the vocational expert. Brink v. Comm'r Soc. Sec. Admin., 343 F. App'x 211, 212 (9th Cir. 2009) (holding that referencing "simple, repetitive work" without including other limitations on concentration, persistence, or pace was error and distinguishing Stubbs-Danielson); see also Lubin v. Comm'r of Soc. Sec. Admin., 507 F. App'x 709, 712 (9th Cir. 2013) (finding error when ALJ found moderate difficulties in maintaining concentration, persistence, and pace but did not include that limitation in RFC). Simple, repetitive work could include assembly-line work that requires extensive focus or speed. Brink, 343 F. App'x at 212.

Here, both Dr. Ashamalla and Dr. Garland noted a moderate limitation

in maintaining concentration, persistence, and pace, and the ALJ explicitly found that Plaintiff had such a limitation, but he did not incorporate it into the RFC or the hypothetical presented to the vocational expert. AR 16-17, 42-43, 58, 277. Remand is therefore warranted.

### B.     Remand for Further Proceedings Is Appropriate.

When an ALJ errs in denying benefits, the Court generally has discretion to remand for further proceedings. See Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000) (as amended). When no useful purpose would be served by further proceedings, however, or when the record has been fully developed, it is appropriate under the "credit-as-true" rule to direct an immediate award of benefits. See id. at 1179 (noting that "the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"); Garrison v. Colvin, 759 F.3d 995, 1019-20 (9th Cir. 2014); Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1100-01 (9th Cir. 2014).

Here, remand for further proceedings is appropriate because the ALJ accepted medical-opinion evidence of Plaintiff's moderate limitation in maintaining concentration, persistence, and pace but failed to incorporate it into his RFC. Because the record contains evidence suggesting that Plaintiff's functioning would permit him to be employed, however, the Court has doubts as to whether he is in fact disabled. On remand, the ALJ must reassess the Plaintiff's RFC in light of the medical opinions of Drs. Ashamalla and Garland and possibly seek additional testimony from a vocational expert.

///
///
///
///
///

**IV.**

**CONCLUSION**

For the reasons stated above, the decision of the Social Security Commissioner is REVERSED and the matter is REMANDED for further proceedings consistent with this opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: January 20, 2016

_____
KAREN E. SCOTT
United States Magistrate Judge